UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARY J. OLCIKAS,

    Plaintiff,

v.   Case No.:  2:23-cv-789-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff Mary J. Olcikas seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply brief. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    I.    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

        A.    **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

**C.     Procedural History**

Plaintiff applied for a period of disability and disability insurance benefits on June 7, 2021, alleging disability beginning on July 1, 2020. (Tr. 57, 284-85). Plaintiff later amended the alleged onset date to November 1, 2020. (Tr. 10, 200). The application was denied initially and on reconsideration. (Tr. 57, 66). Plaintiff

requested a hearing, and on March 15, 2023 a hearing was held before Administrative Law Maria Northington ("ALJ"). (Tr. 24-49). On April 11, 2023, the ALJ entered a decision finding Plaintiff not under a disability from November 1, 2020, through the date of the decision. (Tr. 10-19).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on August 4, 2023. (Tr. 1-5). Plaintiff began this action by filing a Complaint (Doc. 1) on September 26, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 13).

### D.   Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2025. (Tr. 12). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 1, 2020, the amended alleged onset date. (Tr. 12). At step two, the ALJ found that Plaintiff had the following medically determinable impairments: "rare occasional premature ventricular contractions (PVCs) and PAC, but no atrial fibrillation (Afib); hypertension; and history of mood disorder." (Tr. 12). The ALJ then found:

> The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant

> does not have a severe impairment or combination of impairments.

(Tr. 13). After summarizing the evidence and analyzing the four broad functional areas for Plaintiff's medically determinable mental impairments, the ALJ concluded, "[b]ased on the foregoing, the claimant's physical and mental impairments, considered singly and in combination, do not significantly limit the claimant's ability to perform basic work activities. Thus, the claimant does not have a severe impairment or combination of impairments." (Tr. 16).

The ALJ then proceeded to include alternative sequential-evaluation findings. At step two, the ALJ found: "IF the combination of the rare occasional premature ventricular contractions (PVCs) and PAC, and hypertension were deemed to be severe." (Tr. 17). At step three, the ALJ alternatively found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 17).

Before proceeding to step four, the ALJ alternatively found that Plaintiff had the following RFC:

> Even IF the rare PVCs were deemed severe, the claimant is limited to Light work with the ability to occasionally lift and/or carry up to 20 pounds as defined in the regulations, as well as lift/carry 10 pounds frequently. This includes sedentary work as defined in the regulations. The claimant has no limits for sitting in an eight-hour workday. She is capable of standing and/or walking for up to six hours in an eight-hour workday. She is able to perform all postural functions except no

crawling, and no climbing of ladders/ropes/scaffolds. The claimant is to perform no work that would involve hazardous situations such as work at unprotected heights or work around dangerous machinery that may cause harm to self or others. No work with vibratory tools or equipment. In the course of work, the claimant is to have no exposure to extremes of heat, humidity or cold temperatures. The claimant is able to understand, remember and carry out detailed, but non-highly complex instructions and tasks. The claimant is able to make judgments regarding work-related decisions, complete tasks in a timely manner and manage routine job stressors. The claimant is able to maintain a routine work schedule and handle changes in non-highly complex job environments. The claimant is able to control her emotions in a work environment. The claimant is able to respond appropriately to the public, supervisors, coworkers and work situations. The claimant is able to complete detailed instructions consistent with these related mental functions. Non-highly complex is interpreted by the Administrative Law Judge as SVP 6 or less.

(Tr. 17-18).

At step four, the ALJ determined that Plaintiff could perform past relevant work as a teller. (Tr. 19). The ALJ further found that this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 19). The ALJ concluded that Plaintiff had not been under a disability from November 1, 2020, through the date of the decision. (Tr. 19).

## II. Analysis

On appeal, Plaintiff raises three issues:

(1) Whether the ALJ erred in failing to account for Plaintiff's mental limitations and whether this omission was harmless given that she found Plaintiff able to return to her past relevant work;

  (2) Whether the ALJ properly identified and resolved an apparent conflict between the vocational expert's testimony and the DOT; and

  (3) Whether the ALJ reasonably found that even though "closely approaching retirement age," Plaintiff could stand and walk for 6 hours in an 8-hour workday.

(Doc. 15, p. 1).

  Plaintiff raises three issues, all directed to the alternative findings if Plaintiff had a severe impairment. In short, Plaintiff first argues that the ALJ assessed mild mental limitations in concentrating, persisting, or maintaining pace in the first findings, yet failed to include corresponding limitations in the alternative RFC assessment to account for these limitations. (Doc. 15, p. 5; Doc. 22, p. 1). Second, Plaintiff argues that the ALJ failed to resolve an apparent conflict in the alternative findings between Plaintiff's past relevant work identified by the vocational expert and the DOT – related to the "Reasoning Level" of the job. (Doc. 15, p. 10; Doc. 22, p. 1). And third, Plaintiff argues that the ALJ did not reasonably find in the alternative findings that a person who is "closely approaching advanced age" and with a heart condition could perform the requirements of light work, especially the ability to walk for 6 hours in an 8-hour workday. (Doc. 15, p. 13; Doc. 22, p. 1).

  To reiterate, in the first part of the decision, the ALJ found Plaintiff had only medically determinable, not severe, impairments. (Tr. 12). Next, the ALJ found Plaintiff did not have an impairment or combination of impairments that had significantly limited Plaintiff's ability to perform basic work-related activities, and

Plaintiff therefore did not have a severe impairment or combination of severe impairments. (Tr. 13). The ALJ could have ended the decision there, but instead chose to make alternative findings – if Plaintiff did have a severe impairment or combination of severe impairments. (Tr. 17-19).

Plaintiff did not make any argument directed to the first findings that Plaintiff had only medically determinable impairments and had no severe impairment or combination of impairments. Plaintiff did not argue that the ALJ erred in the first findings, before making alternative findings. According to the regulations, if the ALJ finds no severe impairment or combination of impairments, then a plaintiff is not disabled under the regulations. *See* 20 C.F.R. § 1520(c) ("You must have a severe impairment. If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled."). Based on Plaintiff failing to contest the ALJ's original findings that Plaintiff had no severe impairments or combination of impairments, the Court need not address the arguments directed at the alternative findings. Thus, the ALJ's original findings stand.

### III. Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied

the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

    **DONE** and **ORDERED** in Fort Myers, Florida on July 12, 2024.

                                                     */s/ Douglas N. Frazier*
                                                     DOUGLAS N. FRAZIER
                                                     UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties